## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GRANT BARFUSS, on behalf of himself and all others similarly situated, | )<br>)<br>)  Civil Action No.:  3:12-cv-3664 _____<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)  JURY TRIAL DEMANDED |
| DGSE COMPANIES, INC.; L.S. SMITH, JOHN BENSON, AND WILLIAM OYSTER | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

---

### CLASS ACTION COMPLAINT FOR VIOLATION OF SECURITIES LAWS

---

Plaintiff, Grant Barfuss, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding DGSE Companies, Inc. ("DGSE" or the "Company"), securities analysts' reports and advisories about the Company, and information readily

1

obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased the common stock of DGSE between April 15, 2011 and April 17, 2012 (the "Class Period"), inclusive, seeking to recover damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4.      Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C.  § 78aa and 28 U.S.C.  § 1391(b).  Many of the acts alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this District.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff Grant Barfuss, as set forth in the accompanying certification, incorporated by reference herein, purchased DGSE common stock at artificially inflated prices during the Class Period and has been damaged thereby.

7.      Defendant DGSE, a Nevada corporation, together with its subsidiaries, buys and sells jewelry, bullion products, and rare coins to wholesale and retail customers in the United States. The company offers finished jewelry, gem stones, and gold jewelry components, as well as makes custom jewelry to order; and provides jewelry repair services.  It also offers precious metals products, including the United States and other government coins, medallions, art bars, and trade unit bars, as well as conducts Internet auctions.  In addition, the company operates a retail store under the name Dallas Gold & Silver Exchange.  DGSE is headquartered in Dallas, Texas.  DGSE may be served with process by serving its registered agent: Sierra Corporate Services – Reno, 100 West Liberty Street, 10th Floor, Reno, Nevada 89501

8.      During the Class Period the Company's stock was listed on the NYSE AMEX under ticker "DGSE."

9.      Defendant L.S. Smith ("Smith"), was the Company's Chairman of the Board of Directors, CEO and secretary between 1980 and November 1, 2011—when he resigned.  L.S. Smith can be served with process at his regular place of employment: DGSE Companies, Inc., 11311 Reeder Road, Dallas, Texas 75229.

10.     Defendant John Benson ("Benson"), was DGSE's Chief Financial Officer between 1992 to November 17, 2011—when he inexplicably resigned.  John Benson can be served with process at his regular place of employment: DGSE Companies, Inc., 11311 Reeder Road, Dallas, Texas 75229.

11.     Defendant William Oyster ("Oyster"), was a DGSE director, President and Chief Operating Officer between 1990 to November 1, 2011—when we was promoted to CEO.  William Oyster can be served with process at his regular place of employment: DGSE Companies, Inc., 11311 Reeder Road, Dallas, Texas 75229.

12.     Smith, Benson and Oyster are collectively referred to hereinafter as the "Individual Defendants."

13.     During the Class Period, each of the Individual Defendants, as senior executive officers, agents, and/or directors of DGSE and its subsidiaries and affiliates, was privy to non-public information concerning the Company's business, finances, products, markets, and present and future business prospects, via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

14.     Each of the Defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of DGSE securities by disseminating materially false and misleading statements and/or concealing material adverse facts.  The scheme (i)

deceived the investing public regarding DGSE's business, operations, management and the intrinsic value of DGSE stock; and (ii) caused Plaintiff and other members of the Class to purchase DGSE securities at artificially inflated prices.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of DGSE during the Class Period and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

16.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, DGSE's common stock was actively traded on the NYSE AMEX.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by DGSE or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

17.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

18.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

19.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)  whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)  whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of DGSE; and

(c)  to what extent the members of the Class have sustained damages, and the proper measure of damages.

20.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

21.     The Class Period begins on April 15, 2011 when the Company filed with the SEC a materially false and misleading Form 10-K with the SEC for the fiscal year ended December 31, 2010.  The 10-K was signed by defendants Smith, Benson, and Oyster.  Attached to the 10-K were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") separately executed by defendants Smith and Benson.  The SOX certifications falsely attested to the accuracy of the 10-K and falsely claimed that they each disclosed all fraud, whether or not material, to the DGSE's Audit Committee and auditors.

22.     On May 6, 2011 the Company filed a materially false and misleading Form 10-Q with the SEC for the first quarter ended March 31, 2011.  The 10-Q was signed by defendants Smith, Oyster and Benson.  Attached to the 10-Q were SOX certifications executed by defendants Benson and Smith, falsely attesting to the accuracy of the 10-Q and falsely claiming that they each disclosed all fraud, whether or not material, to the DGSE's Audit Committee and auditors.

23.     On August 11, 2011 the Company filed a materially false and misleading Form 10-Q with the SEC for the second quarter ended June 30, 2011.  The 10-Q was signed by defendants Smith, Oyster, and Benson.  Attached to the 10-Q were SOX certifications executed by defendants Benson and Smith, falsely attesting to the accuracy of the 10-Q and falsely claiming that they each disclosed all fraud, whether or not material, to the DGSE's Audit Committee and auditors.

24.     On November 14, 2011 the Company filed a materially false and misleading Form 10-Q with the SEC for the third quarter ended September 30, 2011.  The 10-Q was signed by defendants Oyster and Benson.   Attached to the 10-Q were SOX certifications executed by defendants Benson and Oyster, falsely attesting to the accuracy of the 10-Q and falsely claiming that they each disclosed all fraud, whether or not material, to the DGSE's Audit Committee and auditors.

**TRUTH BEGINS TO SLOWLY EMERGE AND MATERIALIZE**

25.     On April 16, 2012 the Company filed an 8-K with the SEC announcing that the Company's financial statements for the periods ended in December 31, 2007, 2008, 2009, and 2010 could no longer be relied upon, including the interim quarterly periods between the second quarter of 2007 through and including the third quarter of 2011, and had to be restated.  The 8-K accused the Company's then "former Chief Financial Officer" (i.e., Benson) of engaging in improper accounting of inventory and other balance sheet accounts which caused the restatement.

On April 13, 2012, the Board of Directors of DGSE Companies, Inc., a Nevada corporation (the "Registrant"), determined the existence of certain accounting irregularities beginning approximately during the second calendar quarter of 2007 and continuing in periods subsequent thereto (the "Accounting Irregularities"), which could affect financial information reported since that time. The Registrant has engaged forensic accountants to analyze the Accounting Irregularities. Based upon initial findings by the forensic accountants, Management of the Registrant believes that the Accounting Irregularities are the result of improper accounting of inventory and other balance sheet accounts by the former Chief Financial Officer of the Registrant, commencing during, and continuing subsequent to, the second calendar quarter of 2007. The Accounting Irregularities were discovered as a result of internal investigation by the Registrant, and the Registrant has discussed the matters disclosed in this Item 4.02 Periodic Report on Form 8-K with its independent auditors.

Financial statements and information reported since the inception of the Accounting Irregularities, currently believed to begin in the second calendar quarter of 2007, should not be relied upon, including, but not limited to:

(a)     the Registrant's Annual Reports on Form 10-K for the fiscal years ended December 31, 2007, December 31, 2008, December 31, 2009 and December 31, 2010, respectively;

(b)     the Registrant's Quarterly Reports on Form 10-Q for the periods ended June 30, 2007, September 30, 2007, March 31, 2008, June 30, 2008, September 30, 2008, March 31, 2009, June 30, 2009, September 30, 2009, March 31, 2010, June 30, 2010, September 30, 2010, March 31, 2011, June 30, 2011, and September 30, 2011, respectively; and

(c)     any press releases or earnings announcements relating to financial statements for the periods mentioned in (a) and (b), above.

As a result of the Accounting Irregularities, the Registrant has been unable to file its Annual Report on Form 10-K for the fiscal year ended December 31, 2011 (the "2011 Form 10-K"). The 2011 Form 10-K will include a full and detailed explanation of the Accounting Irregularities, including any effects the Accounting Irregularities may have on previously-reported financial information. Management of the Registrant anticipates that the work of the forensic accountants will be completed and that the 2011 Form 10-K will be filed during the second calendar quarter of 2012, although the need to complete the forensic investigation and re-audit prior financial periods, if required, could further delay the filing of the 2011 Form 10-K.

26.     Consequently, on April 17, 2012 NYSE AMEX halted trading in the DGSE stock, effectively rendering it illiquid and worthless, damaging investors.

### Applicability of Presumption of Reliance:
### Fraud-on-the-Market Doctrine

27.     At all relevant times, the market for DGSE common stock was an efficient market for the following reasons, among others:

(a)     DGSE's stock met the requirements for listing, and was listed and actively traded on the NYSE AMEX, a highly efficient and automated market;

(b)     During the class period, on average, millions of shares of DGSE stock were traded on a weekly basis, demonstrating a very active and broad market for DGSE and permitting a very strong presumption of an efficient market;

(c)     DGSE regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(d)     DGSE was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace;

(e)     Numerous NYSE AMEX member firms were active market-makers in DGSE stock at all times during the Class Period;  and

(f)     Unexpected material news about DGSE was rapidly reflected and incorporated into the Company's stock price during the Class Period.

9

28.     As a result of the foregoing, the market for DGSE's common stock promptly digested current information regarding DGSE from all publicly available sources and reflected such information in DGSE's stock price.  Under these circumstances, all purchasers of DGSE's common stock during the Class Period suffered similar injury through their purchase of DGSE's common stock at artificially inflated prices, and a presumption of reliance applies.

## ECONOMIC LOSS/LOSS CAUSATION

29.     The market for DGSE's common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, DGSE's securities traded at artificially inflated prices during the Class Period.  Plaintiffs and other members of the Class purchased or otherwise acquired DGSE's common stock relying upon the integrity of the market price of DGSE's securities and market information relating to DGSE, and have been damaged thereby.

30.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of DGSE's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

31.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiffs and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading

10

statements about DGSE's business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of DGSE and its business, prospects and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiffs and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

**FIRST CLAIM**
**Violation of Section 10(b) of**
**The Exchange Act and Rule 10b-5**
**Promulgated Thereunder Against All Defendants**

32.      Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

33.      During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase DGSE's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

34.      Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for DGSE's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-

5 promulgated thereunder.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

35.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of DGSE as specified herein.

36.     These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of DGSE's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about DGSE and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of DGSE's securities during the Class Period.

37.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these Defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was

advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these Defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

38.   Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing DGSE's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities.  As demonstrated by Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

39.   As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of DGSE's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of DGSE's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during

the Class Period, Plaintiff and the other members of the Class acquired DGSE securities during the Class Period at artificially high prices and were or will be damaged thereby.

40.    At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding DGSE's financial results, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their DGSE securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

41.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

42.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

43.    This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

<u>SECOND CLAIM</u>
**Violation of Section 20(a) of**
<u>**The Exchange Act Against the Individual Defendants**</u>

44.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.    The Individual Defendants acted as controlling persons of DGSE within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, agency, ownership and contractual rights, and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

46.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

47.     As set forth above, DGSE and the Individual Defendants each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

48.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

49.     This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)  Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b)  Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)  Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)  Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

16

Dated: September 7, 2012                    Respectfully submitted,

                                            **PAYNE MITCHELL LAW GROUP, LLP**


                                            */s/ R. Dean Gresham*
                                            R. Dean Gresham
                                            Texas Bar No. 24027215
                                            2911 Turtle Creek Blvd., Suite 1400
                                            Dallas, Texas 75219
                                            Telephone: (214) 252-1888
                                            Facsimile: (214) 252-1889
                                            Email: dean@paynemitchell.com

                                            -and-

                                            **THE ROSEN LAW FIRM, P.A.**
                                            Laurence Rosen, Esq. (not admitted)
                                            Phillip Kim, Esq.  (not admitted)
                                            275 Madison Avenue, 34th Floor
                                            New York, NY  10116
                                            Phone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: lrosen@rosenlegal.com
                                            Email: pkim@rosenlegal.com

                                            Attorneys for Plaintiff

17