# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| GRANT BARFUSS, on behalf of himself and all others similarly situated**,**<br>                              Plaintiffs<br><br>v.<br><br>DGSE COMPANIES, INC.; L.S. SMITH, JOHN BENSON, AND WILLIAM OYSTER**,**<br>                              Defendants | No. 12 Civ. 3664 (JJB)<br>ECF Case |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement dated as of July 3, 2013 (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Stipulation is entered into between and among the following:

(1)    Lead plaintiff, Hillel Hyman, by and through his undersigned counsel, individually and on behalf of the proposed Settlement Class (as defined below); and

(2)    DGSE Companies, Inc. ("DGSE") and the Individual Defendants (defined below), by and through their undersigned counsel.[1]

Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended by the parties hereto to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss, on the merits and with prejudice, the Action and all claims asserted against all Defendants therein, and all Released Claims (defined below) as against the Releasees (defined below).

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

**A.**      On September 7, 2008, a putative class action, *Grant Barfuss, et al., v. DGSE Companies, Inc., et al.*, No. 12 Civ. 3664 (N.D. Tex.) was filed in the United States District Court for the Northern District of Texas (the "Court"), alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against DGSE and certain of its officers and directors.

Pursuant to the PSLRA (15 U.S.C. § 78u-4(a)(3)(B)), several members of the putative class moved for appointment as lead plaintiff on or before November 6, 2012.

**B.**      On January 24, 2013, the Court appointed Hillel Hyman as lead plaintiff ("Lead Plaintiff"), his counsel, Kirby McInerney LLP, as lead counsel, and Gruber Hurst Johansen Hail Shank LLP as liaison counsel.

**C.**      In light of DGSE's limited resources, counsel for all parties believed that it would be in the best interest of all parties if settlement negotiations were attempted before incurring the legal expenses with preparing and filing an amended complaint and drafting motions to dismiss and the related opposition briefs to those motions.

**D.**      Accordingly, the parties requested the appointment of a mediator to assist in the resolution of this action.  By Court order of April 17, 2013, this case was referred to the United States Magistrate Judge Paul D. Stickney for mediation.

**E.**      Defendants requested the participation of plaintiff's counsel in the related derivative action, *Farmer v. Oyster, et al.*, 3:12-cv-03850 (N.D. Tex.) (JJB), at the mediation.

**F.**      On May 13, 2013, Judge Stickney conducted the mediation in which counsel for all parties in this action and counsel for plaintiffs in the related derivative action were present. The parties were unable to reach a settlement during mediation.

**G.**      On May 14, 2013, Judge Stickney submitted a mediator's proposal for settlement to counsel in this action and the related derivative action.  Under the terms of the mediator's proposal, DGSE would pay $1.7 million to settle the claims in this action and agree to submit to confirmatory discovery.

**H.**      In Lead Counsel's judgment, this settlement amount at this early procedural juncture is the best possible result for the proposed Class.  Accordingly, Lead Counsel with Lead Plaintiff's approval agreed to accept the terms in the mediator's proposal.

**I.**      As of May 20, 2013, DGSE had formally agreed to pay $1.7 million to settle the claims in this action.

NOW THEREFORE, without any admission or concession whatsoever on the part of Lead Plaintiff, or any other members of the Settlement Class, or Lead Counsel, of any lack of merit in any aspect of the claims asserted in the Action, and without any admission or concession whatsoever on the part of the DGSE Defendants, John Benson, or any other of the Released Defendant Persons, or DGSE Defendants' Counsel (defined below) or John Benson's counsel of any liability or wrongdoing or of any lack of merit in the defenses they asserted to the claims alleged in this Action, it is hereby

STIPULATED AND AGREED, by and among Lead Plaintiff (individually and in his representative capacity) and the DGSE Defendants, John Benson, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the PSLRA and other conditions set forth herein, that, in consideration of the benefits flowing to the Settling Parties from the Settlement, all Released Claims as against the Released Defendant Persons and all Released Defendant Persons' Claims as against the Plaintiff-Related Releasees shall be fully, finally and forever compromised, settled,

released, resolved, relinquished, waived, discharged and dismissed, on the merits and with prejudice and in accordance with and subject to the terms and conditions set forth below.

## I. DEFINITIONS

1.      As used in this Stipulation, the following capitalized terms shall have the following meanings:

(a)      "Action" means *Grant Barfuss, et al. v. DGSE Companies, Inc., et al.,* No. 12 Civ. 3664 (N.D. Tex.).

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

(d)      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)      "Claimant" means a Person that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Settlement Fund.

(f)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(g)      "Claims Administrator" means the firm retained by Lead Counsel on behalf of the Settlement Class, subject to approval of the Court, to provide all notices

4

approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)     "Class Action Complaint" means the Class Action Complaint filed by Class Member Grant Barfuss on or about September 7, 2012.

(i)     "Complete Bar Order" means the bar order, the text of which is set forth in ¶ 36 below, to be proposed to the Court as part of the Judgment, or Alternative Judgment, if applicable.

(j)     "Court" means the United States District Court for the Northern District of Texas.

(k)     "Court of Appeals" means the United States Court of Appeals for the Fifth Circuit.

(l)     "Defendants" means DGSE and the Individual Defendants.

(m)     "DGSE" means DGSE Companies, Inc.

(n)     "DGSE Defendants" means DGSE and the Individual Defendants other than John Benson.

(o)     "DGSE Defendants' Counsel" means the law firm of Thompson & Knight LLP.

(p)     "Distribution Order" means the order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claim Forms submitted in connection with the Settlement and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and directing payment of the Net Settlement Fund to Authorized Claimants.

5

(q)     "Effective Date" means the first day by which all of the conditions set forth in ¶ 38 below have occurred or have been waived.

(r)     "Escrow Account" means an account maintained at Citibank, N.A. to hold the Settlement Fund, which account, subject to the Court's supervisory authority, shall be under the control of Lead Counsel.

(s)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)     "Escrow Agent" means Kirby McInerney LLP or its successor(s).

(u)     "Final," with respect to the Judgment, or Alternative Judgment, if applicable, means: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Civil Procedure or any other applicable federal rules; or (b) if there is an appeal from the Judgment, or Alternative Judgment, if applicable, the date of (i) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment, or Alternative Judgment, if applicable, or (ii) the date the Judgment, or Alternative Judgment, if applicable, is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review where no such certiorari or other form of review has been sought, or the denial of a writ of certiorari or other form of review of the Judgment, or Alternative Judgment, if applicable, and, if certiorari or other form of review is granted, the date of final affirmance of the Judgment, or Alternative Judgment, if applicable, following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with

6

respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or Alternative Judgment, if applicable, from becoming Final.

(v)     "Immediate Family" means an individual's spouse, parents, siblings, children, grandparents, grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse, and includes step and adoptive relationships.  In this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic partnership or civil union.

(w)     "Individual Defendants" means L.S. Smith, John Benson and William Oyster.

(x)     "Insurers" means any and all of the DGSE Defendants' insurance carriers who may contribute to the payment of the Settlement Amount.

(y)     "Judgment" means the final judgment and order, substantially in the form attached hereto as Exhibit B, to be entered approving the Settlement and dismissing the Action against the Released Defendant Persons on the merits with prejudice.

(z)     "Lead Counsel" means the law firm of Kirby McInerney LLP.

(aa)     "Lead Plaintiff" means Hillel Hyman.

(bb)     "Litigation Expenses" means costs and expenses incurred in connection with commencing and prosecuting the Action (which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(cc)    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(dd)    "Notice" means the Notice of (i) Pendency of Class Action; (ii) Proposed Settlement and Plan of Allocation; (iii) Settlement Fairness Hearing; and (iv) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, which is to be sent to Settlement Class Members, substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(ee)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and Lead Counsel in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process as well as the costs, fees and expenses incurred in connection with the Escrow Account; provided, however, that the Notice and Administration Costs shall not include any Litigation Expenses or any attorneys' fees awarded by the Court.

(ff)    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, limited liability corporation, association, affiliate, joint stock company, government and any political subdivision thereof, legal representative, trust, trustee, unincorporated association or any business or legal entity.

(gg)    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who appeared in this action and performed services on behalf of or for the benefit of the Settlement Class.

(hh)    "Plaintiff-Related Releasees" means the Lead Plaintiff, all other Settlement Class Members and Plaintiffs' Counsel, and each of their heirs, executors, administrators, predecessors, successors and assigns.

(ii)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(jj)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing notice be provided to the Settlement Class.

(kk)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended.

(ll)    "Released Defendant Persons" means the Defendants, their respective present and former direct and/or indirect parents, subsidiaries, and divisions and their respective present and former members, partners, principals, officers, directors, attorneys, advisors, administrators and representatives; the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators and assigns of each of them, in their capacity as such; and any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest; and the Immediate Family members of the Individual Defendants.

(mm)    "Released Defendant Persons' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims by Lead Plaintiff, the Settlement Class and their counsel, including Lead Counsel, against the DGSE

Defendants, John Benson, and the other Released Defendant Persons, except for claims relating to the enforcement of the Settlement.

(nn)     "Released Claims" means any and all claims, rights, demands, liabilities, or causes of action, by or on behalf of Lead Plaintiff or any other Settlement Class Members against any of the Released Defendant Persons that have been alleged or could have been alleged in the Action (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured that arise out of Lead Plaintiff's or any other Settlement Class Member's purchase, or acquisition of DGSE common stock during the Settlement Class Period.  However, Released Claims do not include claims relating to the enforcement of the Settlement, nor do they include the claims asserted in the DGSE derivative action, *Farmer v. Oyster, et al.*, 3:12-cv-03850 (N.D. Tex.) (JJB).

(oo)     "Releasee(s)" means each and any of the Released Defendant Persons and the Plaintiff-Related Releasees.

(pp)     "Releases" means the releases and waivers set forth ¶¶ 5-6 of this Stipulation.

(qq)     "Section 16 Officers" means all persons covered by the definition of "officer" under Rule 16a-1(f) of the Securities Exchange Act of 1934.

(rr)    "Settlement" means the settlement between the Lead Plaintiff and the DGSE Defendants and John Benson on the terms and conditions set forth in this Stipulation.

(ss)    "Settlement Amount" means One Million Seven Hundred Thousand Dollars ($1,700,000) in cash to be paid by or on behalf of the DGSE Defendants.

(tt)    "Settlement Class" means all Persons who purchased or otherwise acquired DGSE common stock during the Settlement Class Period, and were damaged thereby.  Excluded from the Settlement Class are all Defendants in the Action and their respective current or former Section 16 Officers, directors, Immediate Family members, legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest.  Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice.

(uu)    "Settlement Class Member" or "Settlement Class Members" means any Person who falls within the definition of the Settlement Class and does not exclude himself, herself or itself by submitting a request for exclusion in accordance with the requirements set forth in the Notice.

(vv)    "Settlement Class Period" means the time period from April 15, 2011 through and including April 17, 2012.

(ww)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)   "Settling Parties" means the DGSE Defendants, John Benson, and Lead Plaintiff, on behalf of himself and the Settlement Class Members.

(zz)   "Summary Notice" means the Summary Notice of (i) Pendency of Class Action; (ii) Proposed Settlement and Plan of Allocation; (iii) Settlement Fairness Hearing; and (iv) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(aaa)   "Taxes" means: (i) all federal, state and/or local taxes (including any interest or penalties thereon) of any kind on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

(bbb)   "Unknown Claims" means any Released Claims which the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Persons, and any Released Defendant Persons' Claims which any Released Defendant Person does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff-Related Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and

each of the DGSE Defendants and John Benson shall expressly waive, and each of the other Settlement Class Members and each of the other Released Defendant Persons shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff, each of the DGSE Defendants, and John Benson acknowledge, and each of the other Settlement Class Members and each of the other Released Defendant Persons shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## II.  CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, each of the Settling Parties stipulates and agrees to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of the Lead Plaintiff as class representative on behalf of the Settlement Class; and (c) appointment of Lead Counsel as lead counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## III.  PRELIMINARY APPROVAL OF SETTLEMENT

3.      Lead Plaintiff will move or otherwise petition the Court for preliminary approval of the Settlement and certification of the Settlement Class for settlement purposes only, which application the DGSE Defendants and John Benson shall not oppose.  Concurrently with the

application for preliminary Court approval, Lead Plaintiff shall apply to the Court for, and the

DGSE Defendants and John Benson shall agree to, entry of the Preliminary Approval Order,

substantially in the form attached hereto as Exhibit A.

## IV.  RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation shall be in full and final

disposition of the Action as against the Released Defendant Persons and shall fully, finally and

forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss, on the

merits and with prejudice, the Action and any and all Released Claims.  It is an important

element of the DGSE Defendants' and John Benson's participation in the Settlement, which the

Lead Plaintiff hereby acknowledges, that the Released Defendant Persons obtain the fullest

possible release from further liability to any Settlement Class Member relating to the Released

Claims, and it is the intention of the Settling Parties that all further liability to the DGSE

Defendants, and John Benson, and each of the other Released Defendant Persons relating to the

Released Claims hereby be eliminated.

5.     Pursuant to the Judgment, without further action by anyone, and subject to ¶ 7

below, upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members,

on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates

and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have,

fully, finally and forever compromised, settled, released, resolved, relinquished, waived,

discharged and dismissed each and every Released Claim against the DGSE Defendants, John

Benson, and all other Released Defendant Persons, and shall forever be enjoined from

prosecuting any or all of the Released Claims against any Released Defendant Persons.  This

release shall not apply to any Person who validly opts out of the Settlement Class and nothing

herein shall preclude any Person from opting out of the Settlement Class.

14

6.     Pursuant to the Judgment, without further action by anyone, and subject to ¶ 7 below, upon the Effective Date, each of the DGSE Defendants, John Benson, and each of the other Released Defendant Persons, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every of the Released Defendant Persons' Claims against all of the Plaintiff-Related Releasees and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against each of the DGSE Defendants, John Benson, and each of the other Released Defendant Persons, and shall forever be enjoined from prosecuting any or all of the Released Defendant Persons' Claims against any of the Plaintiff-Related Releasees.  This release shall not apply to any Person who validly opts out of the Settlement Class and nothing herein shall preclude any Person from opting out of the Settlement Class.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

8.     The releases and waivers contained in this section were separately bargained for and are essential elements of this Stipulation and the Settlement.

9.     The Released Claims shall be (and shall be deemed to be fully) released and dismissed (as against the Released Defendant Persons) on the merits and with prejudice, without cost to any party, upon the entry of the Judgment.

10.     The Settling Parties will seek to obtain from the Court a Judgment as further described in ¶ 36 below, to be entered simultaneously with or promptly after approval of this Stipulation and the Settlement.

## V.  THE SETTLEMENT CONSIDERATION

11.     In consideration of the full and complete settlement of the Released Claims against the DGSE Defendants and John Benson and the other Released Defendant Persons, the DGSE Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than ten (10) business days after the Court enters an order preliminarily approving this Stipulation and the Settlement.

## VI.  USE OF SETTLEMENT FUND

12.     The Settlement Fund shall be used to pay: (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶ 34 below.  In no event shall the DGSE Defendants, John Benson, or any other Released Defendant Person bear any further or additional responsibility for any such costs or expenses beyond the DGSE Defendants' payment of the Settlement Amount.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest the Settlement Fund in United States Treasury Bills and shall collect and reinvest all interest accrued

thereon, except that any residual cash balances of $250,000 or less may be deposited in an account that is fully insured by the FDIC.

14.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided below. The Claims Administrator shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes (including any interest or penalties) owed with respect to the Settlement Fund. The Released Defendant Persons shall not have any liability or responsibility for any such Taxes (including any interest or penalties). Upon written request, the DGSE Defendants will provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e). The Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes (including any interest or penalties) shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent or by the Claims Administrator pursuant to

17

the disbursement instructions to be set forth in the Escrow Agreement, and without prior order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Lead Counsel may instruct the Escrow Agent or the Claims Administrator to reserve any portion of the Settlement Fund for the purpose of satisfying future or contingent expenses or obligations, including expenses of Settlement Fund administration or any disbursement provided under the terms of this Settlement Agreement.  The Released Defendant Persons shall take no position, directly or indirectly, with respect to such matters and shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents, as described herein.

16.     This Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, neither the DGSE Defendants, their Insurers, nor any other Person who or which paid any portion of the Settlement Amount on their behalves, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of any reason, including without limitation, the number of Proofs of Claim filed, the collective amount of Recognized Losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise provided herein, the Released Defendant Persons shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any Person, including, but not limited to, Lead Plaintiff, the Settlement Class or Lead Counsel in connection with any such administration.

Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Settlement Class at the address of each such Person as set forth in the records of DGSE or its transfer agent(s), or who otherwise may be identified through further reasonable effort.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  For the purpose of identifying and providing notice to the Settlement Class, within ten (10) calendar days of the date of entry of the Preliminary Approval Order, DGSE shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiff, Plaintiffs' Counsel or the Claims Administrator) its security holder list (consisting of names and addresses of all record holders of DGSE common stock at any time during the Settlement Class Period), in electronic form.

18.     Lead Counsel may pay from the Settlement Fund, without further approval from the DGSE Defendants, John Benson, or further order of the Court, all Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation (including the Supplemental Agreement, as defined herein in paragraph 41 below), all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to the DGSE Defendants, their Insurers, or to any other Person who or which paid any portion of the Settlement Amount on their behalves.

## VII.  CAFA NOTICE

19.     The DGSE Defendants shall, no later than ten (10) days following the filing of this Stipulation with the Court, serve a notice of the Settlement in compliance with the requirements of the Class Action Fairness Action of 2005 ("CAFA"), 28 U.S.C. § 1711 et seq., upon the "Appropriate State Official" and "Appropriate Federal Official," as those terms are defined by CAFA, 28 U.S.C. § 1715(a).

## VIII.  ATTORNEYS' FEES AND LITIGATION EXPENSES

20.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between DGSE Defendants, John Benson, and the Lead Plaintiff other than what is set forth in this Stipulation.  Defendants shall take no position with respect to Lead Counsel's request for an award of attorneys' fees and/or reimbursement of Litigation Expenses.

21.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel ten (10) calendar days after the Court enters the Judgment or Alternative Judgment, if applicable, notwithstanding the existence of any timely filed objections to the award or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed.  Lead Counsel shall make the appropriate

20

refund or repayment in full no later than thirty (30) days after receiving from the DGSE

Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the

Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses.

An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation

and is not a condition of the Settlement.  Neither Lead Plaintiff nor Lead Counsel may cancel or

terminate the Settlement (or the Stipulation) based on this Court's or any appellate court's ruling

with respect to attorneys' fees and/or Litigation Expenses.

22.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs'

Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel

to the institution, prosecution and settlement of the Action.

## IX.  CLAIMS ADMINISTRATOR

23.    The Claims Administrator shall administer the process of receiving, reviewing

and approving or denying Claims under Lead Counsel's supervision and subject to the

jurisdiction of the Court.  Other than the obligation to assist and cooperate in obtaining DGSE's

transfer records, as provided herein, none of the DGSE Defendants, nor any other Released

Defendant Persons, shall have any responsibility whatsoever for the administration of the

Settlement or the claims process and shall have no liability whatsoever to any Person, including,

but not limited to, Lead Plaintiff, any other Settlement Class Members or Lead Counsel in

connection with such administration.  DGSE Defendants' Counsel shall cooperate in the

administration of the Settlement to the extent reasonably necessary to effectuate its terms.

24.    The Claims Administrator shall receive Claims and determine first, whether the

Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss compared

to the total Recognized Losses of all Authorized Claimants (as set forth in the Plan of Allocation

set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

26. The Plan of Allocation proposed in the Notice is not a necessary term of the Stipulation, and it is not a condition of the Settlement that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or the Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action. No DGSE Defendant, nor any other Released Defendant Person, shall have any involvement in or responsibility or liability whatsoever for the Plan of Allocation or the allocation of the Net Settlement Fund.

26. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against the Released Defendant Persons, asserting any Released Claim if the Settlement is approved.

27. No DGSE Defendant, nor any other Released Defendant Person, shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. No DGSE Defendant, nor any other Released Defendant Person, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not

the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

28.      For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)      Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)      All Claim Forms must be submitted to the Claims Administrator, at the Post Office Box indicated in the Claim Form, by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Subject to subparagraph (g) below, any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Person concerning any Released Claim.  Provided that it is mailed by the claim-filing deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the

23

instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty-one (21) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise

resolved, Lead Counsel shall thereafter present the request for review to the Court for a final determination;

(f)     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court for approval by the Court in the Distribution Order; and

(g)     Notwithstanding any of the foregoing, Lead Counsel may accept late submitted Claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

29.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or the Settlement in connection with the processing of Claim Forms.

30.     Payment pursuant to the Stipulation and the Plan of Allocation (or such other plan that may be approved by the Court) shall be final and conclusive against all Settlement Class Members.  Subject to subparagraph 28(g) above, all Settlement Class Members whose Claims are not approved by the Court for payment or who fail to submit a timely and valid Claim shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action and the Releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Persons concerning any and all of the Released Claims if

the Settlement is approved and whether or not such Settlement Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

31.     Lead Counsel will apply to the Court for a Distribution Order approving the Claims Administrator's determinations concerning the acceptance and rejection of Claims, approving any fees and expenses not previously applied for (including the fees and expenses of the Claims Administrator), and directing payment of the Net Settlement Fund to Authorized Claimants.

32.     No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defendant Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation or any order of the Court.  Lead Plaintiff, the DGSE Defendants, John Benson, and their respective counsel, and all other Released Defendant Persons shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

33.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

34.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all timely Claims have been processed and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed Claims not otherwise resolved have been resolved, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration and Taxes on the Settlement Fund have been paid.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in a manner consistent with the Plan of Allocation.  Thereafter, the Claims Administrator, following consultation with Lead Counsel, shall donate any remaining funds to a non-sectarian charitable organization certified under the United States Internal Revenue Code § 501(c), to be designated by Lead Counsel and approved by the Court.

35.     Following distribution of the Net Settlement Fund, the Claims Administrator shall maintain the complete Claim Forms on file for three (3) years after the Effective Date.

## X.  TERMS OF THE JUDGMENT

36.     If the Settlement embodied in this Stipulation is approved by the Court, Lead Counsel and DGSE Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit B which shall, among other things, contain a provision providing for a Complete Bar Order in the Action, as follows in subparagraphs (a) – (e):

(a)     Any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for indemnity or contribution against any Released Defendant Person (or any other claim against any Released Defendant Person where the alleged injury to such Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action), based upon, arising out of or related to the Released Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere.  However, with respect to any judgment that the Settlement Class or a Settlement Class Member may obtain against such Person based upon, arising out of or relating to any Released Claim belonging to the Settlement Class or a Settlement Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Defendant Persons for the loss to the Settlement Class or the Settlement Class Member or (ii) the amount paid by or on behalf of the DGSE Defendants and John Benson to the Settlement Class or the Settlement Class Member for common damages.

(b)     Each and every Released Defendant Person is hereby permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for contribution as outlined in the PSLRA.

(c)     Nothing in this Complete Bar Order shall prevent a putative Settlement Class Member who validly requested an exclusion from the Settlement Class from

pursuing any Released Claim against any Released Defendant Person.  If any putative Settlement Class Member who validly requests exclusion from the Settlement Class pursues any such Released Claim against any Released Defendant Person, nothing in this Complete Bar Order or in this Stipulation shall operate to preclude such Released Defendant Person from asserting any claim of any kind against such putative Settlement Class Member (or seeking contribution or indemnity from any Person, including any co-defendant in the Action, in respect of the claim of such putative Settlement Class Member who validly requests exclusion from the Settlement Class).

(d)     Notwithstanding anything to the contrary in this Complete Bar Order, in the event that any Person (for purposes of this provision, a "petitioner") commences against any of the Released Defendant Persons any action asserting a claim that is based upon, arises out of or relates to any Released Claim belonging to the Settlement Class or a Settlement Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Class Action Complaint, and such claim is not barred by a court pursuant to ¶ 36 or is not otherwise barred by the Complete Bar Order, the Complete Bar Order shall not bar claims by that Released Defendant Person against (i) such petitioner; (ii) any Person who is or was controlled by, controlling or under common control with the petitioner, or whose assets or estate are or were controlled, represented or administered by the petitioner, or as to whose claims the petitioner has succeeded; and (iii) any Person that participated with any of the Persons described in items (i) and (ii) of this provision in connection with the conduct, transactions or occurrences that are the subject of the claim brought against the Released Defendant Person(s), or any Person that was involved in the

issues and damages alleged by the petitioner.  Nothing in this paragraph shall be deemed to create a claim or cause of action against a petitioner or any other Person described in this paragraph.

If any provision of this Complete Bar Order is subsequently held to be unenforceable or modified, the Settling Parties shall propose to the Court alternative terms so as to afford all of the Released Defendant Persons the fullest protection permitted by law and consistent with the Court's view.

37.     The Settling Parties agree that the terms of this Stipulation shall be satisfied if either (a) the Complete Bar Order set forth in ¶ 36 above, or (b) a bar order to the fullest extent allowable under the PSLRA, is included in the Judgment (or in the Alternative Judgment, if applicable) that is entered by the Court.

## XI.  CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

38.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the DGSE Defendants have paid, or caused to be paid, the full amount of the Settlement Amount as required by ¶ 11  above;

(b)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A annexed hereto, as required by ¶ 3  above;

(c)     the DGSE Defendants and John Benson have not exercised their option to terminate their participation in this Stipulation pursuant to the provisions of this Stipulation (including the Supplemental Agreement as defined in ¶ 41 below);

(d)     Lead Plaintiff has not exercised his option to terminate his participation in this Stipulation pursuant to the provisions of this Stipulation;

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or the Court has entered an Alternative Judgment; and

(f)     the Judgment or Alternative Judgment has become Final, as defined above, and

(g)     the Court finally approves a fully executed Stipulation of Settlement in the related derivative proceeding *Farmer v. Oyster, et al.*, 3:12-cv-03850 (N.D. Tex.) (JJB).

39.     Upon the occurrence of all of the events referenced in ¶ 38 above, any and all remaining interest or right of the DGSE Defendants and John Benson in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.

40.     DGSE Defendants and John Benson, provided they unanimously agree, and Lead Plaintiff, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other parties to this Stipulation no later than thirty (30) days after: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve the Settlement (or this Stipulation) or any material parts thereof; (c) the Court's declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court of the United States; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court of the United States.  However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with

respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of the Judgment or Alternative Judgment, and shall not be grounds for termination.   In addition, the DGSE Defendants and John Benson shall have the right to terminate this Settlement in accordance with the terms of the Supplemental Agreement described in ¶ 41.

41.     In addition to the grounds set forth in ¶ 40 above, the DGSE Defendants and John Benson shall have the option to terminate the Settlement in the event that Settlement Class Members requesting exclusion from the Settlement Class meet the conditions set forth in their confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.   The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and the DGSE Defendants or John Benson concerning their interpretation or application.   The Settling Parties will keep the terms of the Supplemental Agreement confidential.   If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera*.

42.     Except as otherwise provided herein, in the event that the Settlement is terminated, the Settlement and this Stipulation shall be null and void, and without prejudice, and none of their terms shall be effective or enforceable and the facts of the Settlement shall not be admissible in any trial of this Action, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in this Action immediately prior to May 20, 2013 and,

32

except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.

43.     Within ten (10) business days after written notification of termination is sent by counsel for the DGSE Defendants, John Benson, or Lead Plaintiff to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest), less expenses and any costs which have either been disbursed, or are determined to be incurred and chargeable to Notice and Administrations Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to the Persons who funded the Settlement Fund in proportion to their funding.

## XII.  NO ADMISSION OF WRONGDOING

44.     Neither this Stipulation (whether or not consummated), nor its negotiation, nor any proceedings connected with it:

(a)     shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by the Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Defendant Persons;

(b)     shall be offered against any of the Released Defendant Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Defendant Persons, or by the Released Defendant Persons against Lead

Plaintiff or any other Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Settlement Class Members;

(c)       shall be offered by Lead Plaintiff against any of the Released Defendant Persons, or by the Released Defendant Persons against the Lead Plaintiff or any other Settlement Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the DGSE Defendants, John Benson, any other Released Defendant Person, the Lead Plaintiff, the other Settlement Class Members and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(d)       shall be construed by any of the Settling Parties against any of the Released Defendant Persons, Lead Plaintiff or any other Settlement Class Members as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)       shall be construed by any of the Settling Parties against Lead Plaintiff or any other Settlement Class Members as an admission, concession or presumption that any of their claims are without merit, that any of the Released Defendant Persons had meritorious affirmative defenses, or that damages recoverable under the Class Action Complaint would not have exceeded the Settlement Amount.

45.       This Stipulation and the Settlement may be plead as a full and complete defense to any action, suit or other proceeding that may be instituted, prosecuted or attempted with

34

respect to any of the Released Claims.  The Released Defendant Persons may offer the Stipulation or the Judgment or Alternative Judgment, if applicable, from the Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any similar defense or counterclaim.  The Settling Parties agree that any such proceeding would cause irreparable injury to the party against whom it is brought and the Court or any court of competent jurisdiction may enter an injunction restraining the prosecution of such proceeding.

## XIII.  MISCELLANEOUS PROVISIONS

46.     The Settling Parties agree that no party was or is a "prevailing party" in this Action.

47.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

48.     Each of the DGSE Defendants warrants that, as to the payments made or to be made by or on behalf of him, her or it at the time of entering into this Stipulation and at the time of such payment that he, she or it made or caused or will make or cause to be made pursuant to the terms above, he, she or it was not insolvent, nor will the payment required to be made by or on behalf of him, her or it render him, her or it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including but not limited to §§ 101 and 547 thereof.  This representation is made by each of the DGSE Defendants and not by their counsel.

49.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiff, any other Settlement Class

Members and their attorneys against all Released Defendant Persons with respect to all Released

Claims.  Accordingly, Lead Plaintiff and each of the DGSE Defendants and John Benson agree

not to assert in any court that this Action was brought by Lead Plaintiff or defended by the

DGSE Defendants and John Benson in bad faith or without a reasonable basis.  The Settling

Parties agree that during the course of the Action, the parties and their respective counsel at all

times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  No

Settling Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil

Procedure, or seek any relief under 28 U.S.C. § 1927, relating to the institution, prosecution,

defense or settlement of this Action.  The Settling Parties agree that the amount paid and the

other material terms of this Settlement were negotiated at arm's length and in good faith by the

Settling Parties, under the auspices of a mediation process supervised and conducted by United

States Magistrate Judge Paul D. Stickney, and reflect a settlement that was reached voluntarily

upon adequate information after extensive negotiations and consultation with experienced legal

counsel, who were fully competent to assess the strengths and weaknesses of their respective

clients claims or defenses.

50.     The Action involved claims that were contested, and the Settlement shall not be

deemed an admission by any party as to the merits of any claim or defense.  While the DGSE

Defendants and John Benson maintain the right to deny that the claims were meritorious and

Lead Plaintiff maintains the right to assert that the claims were meritorious, the Settling Parties

agree that the amount paid into the Settlement Fund and the other terms of the Settlement were

negotiated in good faith and at arm's length by the Settling Parties, and reflect a settlement that

was reached voluntarily after consultation with competent and experienced legal counsel. The

Settling Parties and their counsel agree not to contend in any forum that the Action was brought

or defended in bad faith, without a reasonable basis, or in violation of Rule 11 of the Federal Rules of Civil Procedure, and reserve the right to rebut, in a manner that such party determines to be appropriate, any contention made in any forum that the Action was brought or defended in bad faith, without a reasonable basis, or in violation of Rule 11 of the Federal Rules of Civil Procedure.

51.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiff, the DGSE Defendants (or their successors-in-interest) and John Benson.

52.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.     The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.

54.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff, the DGSE Defendants and John Benson concerning the Settlement.   The Settling Parties acknowledge that no other agreements, representations, warranties or inducements have been made by any party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

56.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the signatories of this Stipulation shall exchange among themselves original signed counterparts.

57.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, including any and all Released Defendant Persons and any corporation, partnership or other entity into or with any party hereto may merge, consolidate or reorganize.

58.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

59.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

60.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

61.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the

full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

62.   Lead Counsel, the DGSE Defendants' Counsel, and John Benson's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, this Stipulation and the Settlement and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement by the Court.

63.   If any party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt in person or by overnight mail.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff<br>or Lead Counsel: | Kirby McInerney LLP<br>825 Third Avenue<br>New York, New York  10022<br>Telephone:  (212) 371-6600<br>Facsimile:  (212) 751-2540<br>Attn:   Ira M. Press, Esq.<br>          Beverly T. Mirza Esq.<br>          Thomas W. Elrod, Esq. |
| If to DGSE Defendants: | Thompson & Knight LLP<br>1722 Routh Street, Suite 1500<br>Dallas, TX 75201<br>Attn:    Timothy R. McCormick, Esq.<br>          Michael W. Stockham, Esq. |
| If to Defendant John Benson: | Fulbright & Jaworski LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, TX 75201-2784<br>Attn:   Karl G. Dial, Esq.<br>          Casey L. Moore, Esq. |

DATED:

July 3, 2013
New York, New York

**KIRBY McINERNEY LLP**

By: _____
    Ira M. Press, Esq. (*admitted pro hac vice*)
    Beverly T. Mirza, Esq.
    Thomas W. Elrod, Esq.
    825 Third Avenue
    New York, New York 10022
    Telephone:  (212) 371-6600
    Facsimile:  (212) 751-2540
    ipress@kmllp.com
    bmirza@kmllp.com
    telrod@kmllp.com

*Counsel for Lead Plaintiff*

**GRUBER HURST JOHANSEN HAIL &
SHANK LLP**
Greg Patrick McAllister
Mark A Shank
1445 Ross Ave
Suite 2500
Dallas, TX 75202-2711
Telephone: (214) 855-6800
Facsimile: (214) 855-6808
gmcallister@ghjhlaw.com
mshank@ghjhlaw.com

*Liaison Counsel for Lead Plaintiff*

**THOMPSON & KNIGHT LLP**

By: _____
     Timothy R. McCormick, Esq.
     Michael W. Stockham, Esq.
     1722 Routh Street, Suite 1500
     Dallas, TX 75201
     Telephone: (214) 969-1700
     Facsimile: (214) 969-1751
     Timothy.McCormick@tklaw.com
     Michael.Stockham@tklaw.com

*Counsel for the DGSE Companies, Inc., L.S. Smith and William Oyster*

**FULBRIGHT & JAWORSKI LLP**

By: _____
     Karl G. Dial, Esq.
     Casey L. Moore, Esq.
     2200 Ross Ave
     Suite 2800
     Dallas, TX 75201-2784
     Telephone: (214) 855-8000
     Facsimile: (214) 855-8200
     kdial@fulbright.com
     cmoore@fulbright.com

*Counsel for John Benson*

**THOMPSON & KNIGHT LLP**

By: _____
     Timothy R. McCormick, Esq.
     Michael W. Stockham, Esq.
     1722 Routh Street, Suite 1500
     Dallas, TX 75201
     Telephone: (214) 969-1700
     Facsimile: (214) 969-1751
     Timothy.McCormick@tklaw.com
     Michael.Stockham@tklaw.com

*Counsel for the DGSE Companies, Inc., L.S.*
*Smith and William Oyster*

**FULBRIGHT & JAWORSKI LLP**

By: _____
     Karl G. Dial, Esq.
     Casey L. Moore, Esq.
     2200 Ross Ave
     Suite 2800
     Dallas, TX 75201-2784
     Telephone: (214) 855-8000
     Facsimile: (214) 855-8200
     kdial@fulbright.com
     cmoore@fulbright.com

*Counsel for John Benson*

41