UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GRANT BARFUSS, on behalf of himself and all others similarly situated,<br>Plaintiffs<br><br>v.<br><br>DGSE COMPANIES, INC.; L.S. SMITH, JOHN BENSON, AND WILLIAM OYSTER,<br>Defendants | CIVIL ACTION NO.<br>3:12-CV-3664-B |

**ORDER PRELIMINARILY APPROVING PROPOSED
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a class action entitled *Grant Barfuss, et al., v. DGSE Companies, Inc., et al.*, No. 12 Civ. 3664 (PDS) (the "Action") is before this Court; and

WHEREAS, Hillel Hyman (the "Lead Plaintiff"), individually and on behalf of the proposed Settlement Class (as hereinafter defined), and defendants DGSE Companies, Inc. ("DGSE"), L.S. Smith, John Benson and William Oyster (collectively, the "Individual Defendants" and together with DGSE, the "Defendants") have entered into a Stipulation and Agreement of Settlement dated July 2, 2013 (the "Stipulation"), which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement, which provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against all Defendants, upon the terms and conditions set forth in the Stipulation (the "Settlement"); and

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the

Stipulation, certifying the Settlement Class for purposes of settlement only, and approving notice to the Settlement Class as more fully described herein; and

WHEREAS, the Court having read and considered the Stipulation and the Exhibits thereto, including the proposed (a) Notice; (b) Claim Form; (c) Summary Notice; and (d) Judgment and the submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement Class Certification** – Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Action is hereby certified as a class action on behalf of the following Settlement Class: a class of all Persons who purchased or otherwise acquired DGSE common stock from April 15, 2011 through and including April 17, 2012, and were damaged thereby. Excluded from the Settlement Class are all Defendants in the Action and their respective current or former Section 16 Officers, directors, Immediate Family members, legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Notice to be sent to Settlement Class Members pursuant to this Order.

2. **Settlement Class Findings** – The Court finds, for purposes of settlement only, that each of the prerequisites for certifying the Action as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions

of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, that Hillel Hyman is an adequate class representative and certifies him as the class representative on behalf of the Settlement Class and Lead Counsel, and the law firm of Kirby McInerney LLP is hereby appointed as lead counsel for the Settlement Class.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interest of Lead Plaintiff and the other Settlement Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on Oct 21, 2013 at 2:00 p.m. at 1100 Commerce Street, Room 1306, Dallas, Texas 75242, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against all the Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be

approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Notice** – Lead Counsel are hereby authorized to retain Kurtzman Carson Consultants LLC (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than ten (10) calendar days after obtaining the security holder lists specified in ¶ 7(b) below for purposes of identifying and giving notice to the Settlement Class (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to Settlement Class Members at the addresses set forth in the records of DGSE or its transfer agent(s), or who otherwise may be identified through further reasonable effort;

(b) within ten (10) calendar days of the date of entry of this Order, DGSE shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiff, Plaintiffs' Counsel or the Claims Administrator) its security holder lists (consisting of security holder names and addresses), in electronic form;

(c) not later than twenty-one (21) calendar days after entry of this Order, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and issued once electronically over the Business Wire media wire service; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on DGSE Defendants' Counsel and John Benson's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form and the Summary Notice, attached hereto as Exhibits 1, 2 and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to object to any aspect of the proposed Settlement, exclude themselves from the Settlement Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, the Rules of the Court and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired DGSE common stock during the Settlement Class Period for the benefit of another Person shall forward the Notice Packet to all such beneficial owners within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form to the Claims Administrator in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing and payment late claims provided such acceptance does not materially delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of

the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Defendant Persons, as more fully described in the Stipulation and Notice. Notwithstanding any of the foregoing, Lead Counsel may accept late submitted Claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any

such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Grant Barfuss, et al. v. DGSE Companies, Inc., et al.*, No. 12 Civ. 3664 (JJB), EXCLUSIONS, c/o KCC Class Actions, Claims Administrator, P.O. Box 43186, Providence, RI 02940-3186, and (b) that each request for exclusion must (i) state the name, address and telephone number of the Person requesting exclusion; (ii) state that such Person "requests exclusion from the Settlement Class in *Grant Barfuss, et al. v. DGSE Companies, Inc., et al.*, No. 12 Civ. 3664 (JJB)"; (iii) state the number of shares of DGSE common stock that the Person requesting exclusion owned at the start of the Settlement Class Period; (iv) state the date(s), price(s) and number of shares of DGSE common stock that the Person or entity requesting exclusion purchased or otherwise acquired and sold during the period from April 15, 2011 through and including February 13, 2013; (v) state the number of shares held through the close of trading on February 13, 2013; and (vi) be signed by the Person requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Any request for exclusion that complies with these terms shall be treated as a request for exclusion from the Settlement Class.

14. Any Person who or which timely and validly requests exclusion from the Settlement Class, in compliance with the terms stated in this Order, and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or the Stipulation, and shall have no right to receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from

requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of Released Defendant Persons, as more fully described in the Stipulation and Notice.

16.   **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel, the DGSE Defendants' Counsel and John Benson's counsel, as set forth in Paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.   Any Settlement Class Member who does not request exclusion from the Settlement Class may file written objections to any aspect of the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and

reimbursement of Litigation Expenses unless that Person has filed written objections with the Court and served copies of such objections on Lead Counsel, DGSE Defendants' Counsel, and John Benson's Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

**To the Court**
Clerk of the Court
United States District Court
Northern District of Texas
1100 Commerce Street
Room 1306
Dallas, TX 75242

Re:   *Grant Barfuss, et al.. v. DGSE Companies, Inc. et al.,*,
Case No. 12 Civ. 3664 (JJB)

| **Lead Counsel** | **Counsel for the DGSE Defendants** |
|---|---|
| Ira M. Press, Esq. | Timothy R. McCormick, Esq. |
| Beverly T. Mirza, Esq. | Michael W. Stockham, Esq. |
| Thomas W. Elrod, Esq. | Thompson & Knight LLP |
| Kirby McInerney LLP | 1722 Routh Street, Suite 1500 |
| 825 Third Avenue | Dallas, Texas 75201 |
| New York, NY 10022 | |

**Counsel for John Benson**
Karl G. Dial, Esq.
Casey L. Moore, Esq.
Fulbright & Jaworski LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

18.   Any objections, filings and other submissions by the objecting Settlement Class Member (a) must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including the legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove membership in the Settlement Class, as defined above in Paragraph 1, including (i) the number of shares of DGSE common stock that the objecting Settlement Class Member purchased or otherwise acquired during

the Settlement Class Period, as well as sales or other dispositions of such stock during the Settlement Class Period or thereafter through the close of trading on February 13, 2013, along with the dates and prices of each such purchase or other acquisition and sale or other disposition. DGSE Defendants' Counsel, John Benson's Counsel, and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

19. Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay** – Unless otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court enjoins Lead Plaintiff and all other Settlement Class Members from commencing, prosecuting or asserting any claim against any of the Released Defendant Persons that is a Released Claim or that would be barred pursuant to Paragraph 36(a) of the Stipulation.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Settlement Class Members as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Lead Counsel (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or the Distribution Order.

23.    **Taxes** – Lead Counsel, or its authorized agent, the Claims Administrator, is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination** – If the Settlement is terminated, or is not approved, or the Effective Date does not occur, this Order shall become null and void, and shall be without prejudice to the rights of Lead Plaintiff, the Settlement Class Members and the Defendants, all of whom shall be restored to their respective positions in the Action, as provided for in the Stipulation.

25.    **Use of this Order** – Neither this Order nor the proposed Settlement (including the Stipulation or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of and/or efforts to consummate the Stipulation or the Settlement): (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) shall be described as, construed as, interpreted as or offered against the Released Defendant Persons as evidence of and/or deemed to be evidence of any presumption, concession or admission by the Released Defendant Persons as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by

Lead Plaintiff or the merits of any of their defenses; and (c) shall be described as, construed as, interpreted as or offered against Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class, or as evidence that the damages recoverable from the Released Defendant Persons would not have exceeded the Settlement Amount.

26. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. Neither the Defendants nor the Released Defendant Persons shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

28. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

29. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

30. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ____8th____ day of ____July____, 2013.

_____
The Honorable Jane J. Boyle
United States District Judge